UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MESCALL,

                Plaintiff,

      v.

KAIYLN WHITTINGHAM, *et al.*,

                Defendants.

No. 25-CV-2175 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff Sean Mescall brings this action asserting claims of violations of his federal constitutional rights. He seeks damages and injunctive relief, and he sues: (1) Kaiyln Whittingham; (2) Adebukola T. Ogunsanya; (3) Letitia James; (4) Alvin Bragg; (5) Minji Kim; (6) Alexander Sanyshyn; (7) Hope Korenstein; (8) Kelly Thomas; (9) Kofi Sansculotte; (10) Jodie Kane; (11) Jamyle Delgado; (12) Kari Siegenthaler; (13) Leila Mohammed; (14) Kyle Breen; (15) Luis Chuquiralao; (16) Ryan Lemon; (17) Kevin Yorke; (18) Michael Wigdor; (19) Jon Reid; (20) Steve Moran; (21) Olivia Savell; (22) Caroline Serino; (23) Clare Francesco; (24) Manhattan District Attorneys Office - New York County; and (25) The City of New York.

      By Court order dated April 23, 2025, Plaintiff's request to proceed IFP was granted. For the reasons discussed below, the Court: (1) orders service upon Kaiyln Whittingham, Adebukola T. Ogunsanya, Letitia James, Minji Kim, Alexander Sanyshyn, Kelly Thomas, Kofi Sansculotte, Jodie Kane, Jamyle Delgado, Kari Siegenthaler, Leila Mohammed, Kyle Breen, Luis Chuquiralao, Ryan Lemon, Kevin Yorke, Michael Wigdor, Jon Reid, Steve Moran, Olivia Savell, Caroline Serino, Clare Francesco, Manhattan District Attorneys Office - New York County, and The City of New York ; and (2) directs the Attorney General of the State of New York, the New

York City Law Department, and the U.S. Attorney's Office in the Southern District of New York to provide to Plaintiff and the Court with an address at which Defendants may be served.

## I.  Discussion

### A.  Unserved Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Kaiyln Whittingham, Adebukola T. Ogunsanya, Letitia James, Minji Kim, Alexander Sanyshyn, Kelly Thomas, Kofi Sansculotte, Jodie Kane, Jamyle Delgado, Kari Siegenthaler, Leila Mohammed, Kyle Breen, Luis Chuquiralao, Ryan Lemon, Kevin Yorke, Michael Wigdor, Jon Reid, Steve Moran, Olivia Savell, Caroline Serino, Clare Francesco, the Manhattan District Attorney's Office, and the City of New York, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants.  The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the complaint is not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service, even when relying on service by the USMS).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.  Defendants without Service Addresses

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the Court in ascertaining a defendant's proper service address. *See* 121 F.3d 72, 76 (2d Cir. 1997). In his complaint, Plaintiff supplies sufficient information to permit the New York Attorney General, New York City Law Department, and United States Attorney's Office to provide the service addresses of the unserved Defendants.

Specifically, members of the Manhattan District Attorney's Office—Minji Kim, Alexander Sanyshyn, Kofi Sansculotte, Jodie Kane, Kelly Thomas, Jamyle Delgado, Kari Siegenthaler, Leila Mohammed, Kyle Breen, Luis Chuquiralao, Ryan Lemon, Kevin Yorke, Michael Wigdor, Steve Moran, Olivia Savell, Caroline Serino–as well as the City of New York, and the Manhattan District Attorney's Office are alleged to have deprived Plaintiff of his rights. It is therefore ordered that the New York City Law Department, which represents the Manhattan District Attorney's Office, must ascertain the appropriate service address of these individuals and entities.  The New York City Law Department must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

It is further ordered that the Attorney General of the State of New York must provide the appropriate service address for Attorney General Letitia James.  The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Finally, the Complaint alleges that Claire Francisco, a U.S. Probation Officer, participated in the violation of Plaintiff's rights.  It is therefore ordered that the U.S. Attorney's Office for the Southern District of New York, which represents U.S. Probation Officers, ascertain the service

address of Francisco.  The U.S. Attorney's Office must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming providing the Defendants' service address.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant.

## II.  Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court further directs service on Kaiyln Whittingham, Adebukola T. Ogunsanya, Letitia James, Minji Kim, Alexander Sanyshyn, Kelly Thomas, Kofi Sansculotte, Jodie Kane, Jamyle Delgado, Kari Siegenthaler, Leila Mohammed, Kyle Breen, Luis Chuquiralao, Ryan Lemon, Kevin Yorke, Michael Wigdor, Jon Reid, Steve Moran, Olivia Savell, Caroline Serino, Clare Francesco, Manhattan District Attorney's Office, and The City of New York.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005; the New York City Law Department at 100 Church Street, New York, New York, 11201; and the United States Attorney General, Southern District of New York, Civil Division at 86 Chambers Street, Third Floor New York, New York 10007.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 23, 2024
         While Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge