UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MESCALL,

                      *Plaintiff*,

     v.

KAIYLN WHITTINGHAM, *et al.*,

                      *Defendants*.

No. 25-CV-2175 (KMK)

ORDER & OPINION

KENNETH M. KARAS, United States District Judge:

     Sean Mescall ("Plaintiff") brings this Action against Kaiyln Whittingham, Adebukola T. Ogunsanya, Letitia James, Alvin Bragg, Minji Kim, Alexander Sanyshyn, Hope Korenstein, Kelly Thomas, Kofi Sansculotte, Jodie Kane, Jamyle Delgado, Kari Siegenthaler, Leila Mohammed, Kyle Breen, Luis Chuquiralao, Ryan Lemon, Kevin Yorke, Michael Wigdor, Jon Reid, Steve Moran, Olivia Savell, Caroline Serino, Clare Francesco, Manhattan District Attorney's Office - New York County; and The City of New York (collectively, "Defendants"), asserting claims of violations of his federal Constitutional rights. (*See generally* Compl. (Dkt. No. 1).)

     Plaintiff submitted an application requesting the appointment of pro bono counsel, albeit not in the form of a formal motion, as Plaintiff's submission uses a form meant for criminal defendants. (*See* Mot. (Dkt. No. 25).) The Court will interpret this document as Plaintiff's Motion. For the following reasons, Plaintiff's request is denied without prejudice.

     Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this

provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). "When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry." *Nova v. Martuscello*, No. 24-CV-1574, 2025 WL 1784825, at *1 (S.D.N.Y. June 27, 2025) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003)). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Ferrelli*, 323 F.3d at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing Hodge factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A

plaintiff requesting appointment of counsel must show that []he is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff provides no evidence that he attempted to obtain counsel. (*See generally* Mot.) Construed generously, Plaintiff's Motion indicates that he has researched representation. (*See id.* 1 (noting that retaining counsel would incur "costs exceeding [$]7,500-25k on some attorneys").) But "Plaintiff must allege that he 'is unable to retain counsel,' and that he has 'exhausted [his] search.'" *Nova*, 2025 WL 1784825, at * 2 (quoting *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023)). Plaintiff does not describe whether he spoke to any attorneys and, if he attempted to do so, the nature of the challenges he encountered in obtaining counsel. (*See generally* Mot.) Therefore, at this stage, Plaintiff's Motion is denied because he "has not demonstrated that [he] is unable to retain counsel." *Rosa*, 2023 WL 8778236, at *2 (citing *Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023)).

Setting aside Plaintiff's failure to demonstrate that he is unable to retain counsel—and assuming the Plaintiff's allegations have "some likelihood of merit" as required under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors. *See Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1–2 (S.D.N.Y. Mar. 19, 2024) (assuming that the plaintiff's claim had "some likelihood of merit" for the purposes of Hodge

3

analysis and proceeding to analyze prudential concerns); *Shelby v. Petreucci*, No. 23-CV-4315, 2023 WL 6623180, at *1–2 (S.D.N.Y. Oct. 11, 2023) (same).

The Court reads the Motion as asserting that Plaintiff needs an attorney because his case is complex. (*See* Mot. 1 (noting "prima facie tort(s)," "deprivations of property + liberty interests," and "clear & convincing threshold established," as reasons why Plaintiff needs a lawyer); *id.* (explaining that Plaintiff had to conduct "7–10 web searches before apprehension on underlying offense" and "sensitive subject matter").) To the extent Plaintiff argues that he is entitled to pro bono counsel due to a limited knowledge of the law, this argument is unavailing. "[A] general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel." *Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *2 (S.D.N.Y. June 13, 2024); *see also Culbreth*, 2024 WL 1178850, at *2 (stating that a lack of legal knowledge is insufficient for the appointment of counsel); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to a lack of legal knowledge is insufficient to grant a request for counsel). Furthermore, Plaintiff fails to demonstrate why his claims for tortious interference, conspiracy to interfere, and 42 U.S.C. § 1983 conspiracy are so complex that he requires counsel. On the contrary, "[t]hese claims 'are not so complex or unique that a person of [Plaintiff's] intelligence would be unable to handle them.'" *Robertson v. Sullivan Corr. Facility*, No. 24-CV-1365, 2024 WL 3487741, at *2 (S.D.N.Y. July 19, 2024) (quoting *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013)).

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *3 (S.D.N.Y. Mar. 27, 2024) (rejecting application for appointment of

counsel because "[p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented Plaintiff from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

"'Volunteer lawyer time is a precious commodity,' and 'courts should not grant applications for appointment of pro bono counsel indiscriminately.'" *Krivak v. Putnam Cnty.*, No. 23-CV-6960, 2023 WL 6466467, at *2 (S.D.N.Y. Oct. 4, 2023) (alterations adopted) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)).  In light of these considerations, the Court is not convinced that appointing counsel for Plaintiff at this stage would be a wise use of these limited resources.  For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change.  The Clerk of Court is respectfully directed to terminate the pending motion flag at Dkt. No. 25 and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   July 7, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge