UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MESCALL,

Plaintiff,

v.

KAIYLN WHITTINGHAM, *et al.*,

Defendants.

No. 25-CV-02175 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

On April 23, 2025, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the Court ordered the New York City Law Department, Attorney General of the State of New York, and U.S. Attorney's Office for the Southern District of New York, to provide the service addresses of several defendants in this action, and ordered Plaintiff to file an amended Complaint within 30 days of receiving that information. (*See* Order ("*Valentin* Order") (Dkt. No. 19).) That information was provided on the docket, (*see* Dkt. Nos. 28, 32, 34), and service of that information on Plaintiff was effected on June 10, June 17, and June 20, 2025, (*see* Dkt. Nos. 31, 33, 35).

Plaintiff did not timely amend his Complaint following the receipt of that information and has not done so. (*See* Dkt.) On October 31, 2025, the Court accordingly ordered Plaintiff to show cause why the case should not be dismissed. (*See* Dkt. No. 43.) Other than requesting a copy of the docket a month later, (*see* Letter from Sean Mescall to Court (dated Nov. 23, 2025) (Dkt. No. 44)), which the Court granted, (*see* Dkt. No. 45), there has been no activity on Plaintiff's end since the Court's Order to Show Cause.

Accordingly, the Court dismisses the case for failure to prosecute. Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same); *LeSane*, 293 F.3d at 209 ("Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). No one factor is dispositive. *See Nita v. Conn. Dep't of Env't. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal. Plaintiff was ordered to file an amended Complaint within 30 days of the receipt of the information requested in this Court's *Valentin* Order in June of last year but he has yet to do so. (*See Valentin* Order.) The Court then provided him a chance to show cause why the case should not be dismissed, (*see* Dkt. No. 43), and he did not respond. Dismissal without prejudice for failure to prosecute is therefore appropriate. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order to show cause requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons,

failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but "plaintiffs failed to submit such a letter"); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action *at all*" for three months).

The Court accordingly dismisses this Action without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 18) and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:      March 13, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3